{¶ 29} I would sustain Appellant's assignment of error and reverse the decision of the trial court. I would hold that Officer Freeman's knock on the bathroom door did not constitute a "search" of the trailer. Officer Abt testified that Metz looked surprised to see the officer when they came into the trailer and both officers indicated that Metz made a quick beeline to the kitchen from the living room when they came through the door. Officer Freeman testified at the suppression hearing that he knocked on the bathroom door for safety reasons and to take account of everyone in the trailer, which was reasonable given Metz's behavior and the purpose of the visit — to speak to everyone inside. Officer Abt testified it is always important to make sure there is no one else inside a residence when investigating a complaint because "a multitude of things could happen. The concern is that [s]omeone that you don't know * * * could come out of a room, a *Page 13 
closet, a hiding space of any sort, with a * * * knife or gun or any weapon * * * and cause you harm." This is especially true given the close proximity of a trailer. Abt testified that "an officer's safety is always paramount" and a knife was found in the trailer. Ultimately, Freeman testified that after his knock on the door, he heard some commotion inside and then Mustat voluntarily opened the door revealing the drugs in plain view.
 {¶ 30} Officers denied going to the trailer intending to search it. Abt testified that officers often go to a scene to investigate a similar complaint, talk to everyone present, and then leave if there is no evidence of illegal activity. Both officers testified that they did not search any other part of the trailer until after the drugs were discovered in the bathroom.
 {¶ 31} I would also hold that Hetrick consented to both the initial entry into the trailer and the knock on the bathroom door, which when opened revealed drugs in plain view. A person can give or demonstrate consent either expressly or impliedly. State v. Cooper, 9th Dist. No. 21494, 2003-Ohio-5161, at ¶ 9. It is undisputed that Hetrick gave the officers permission to enter his trailer to talk and that the officers followed Hetrick into the trailer. Officer Abt testified that the officers intended to enter the trailer and speak to Hetrick and whoever else was inside so as to investigate the complaint. It is also undisputed that either Hetrick or the other man in the trailer (Metz) told the officers that Musat was in the bathroom *Page 14 
of the trailer and that neither of them told the officers they could not knock on the bathroom door, thereby impliedly giving officers permission to do so.
 {¶ 32} I would sustain Appellant's assignment of error and reverse the decision of the trial court. *Page 1